IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

   V.                  Criminal No. 12-50056-001

SHANE WILLIS                                    DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On May 2, 2016, the Defendant/Movant Shane Willis ("the Defendant") filed a 28 U.S.C. § 2255 motion. (Doc. 30). The Government filed a Response (Doc. 32), the Defendant filed a Reply (Doc. 33), and, pursuant to the undersigned's direction, both parties filed Supplemental Briefs (Docs. 34, 35). An evidentiary hearing is not warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. See 28 U.S.C. § 2255(b); Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). The undersigned, being well and sufficiently advised, finds and recommends as follows:

**BACKGROUND**

On November 14, 2012, pursuant to a written plea agreement, the Defendant pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report ("PSIR") provided for an enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), because the Defendant had four previous convictions for violent felonies.

Specifically, the Defendant had convictions in Arkansas state court for residential burglary, terroristic threatening, second degree battery, and second degree domestic battery. (Doc. 36 ¶ ¶ 31-33, 35). On April 4, 2013, a judgment was entered sentencing the Defendant to the ACCA mandatory minimum sentence of 15 years imprisonment. (Doc. 19). The Eighth Circuit Court of Appeals affirmed the Defendant's sentence on January 8, 2014. (Doc. 29). In the motion currently before the Court, Defendant argues that he should be resentenced in light of Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the residual clause of the ACCA.

## DISCUSSION

A conviction under 18 U.S.C. § 922(g) for being a felon in possession of a firearm carries a statutory maximum of ten years imprisonment. 18 U.S.C. § 924(a)(2). However, if a person convicted of violating § 922(g) has three previous convictions for violent felonies, the statutory minimum is fifteen years imprisonment under § 924(e)(1), the ACCA. The ACCA defines violent felony as "any crime punishable by imprisonment for a term exceeding one year" that:

  (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

  (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

The "otherwise involves" clause of prong two has been labeled the "residual clause."  In Johnson, the Supreme Court held that the residual clause is unconstitutionally vague, so a prior conviction can no longer count as a predicate offense under that clause.  In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court made Johnson retroactive to cases on collateral review.  Defendant argues that his convictions for residential burglary and terroristic threatening only counted as predicate violent felonies under the residual clause of the ACCA, and because it has been declared unconstitutional, he must be resentenced.

### Residential Burglary

Subsequent to the parties' briefing in this case, the Eighth Circuit Court of Appeals ruled that an Arkansas residential burglary conviction does not qualify as a ACCA predicate offense. See United States v. Sims, 854 F.3d 1037, 1040 (8th Cir. 2017), petition for cert. filed,(U.S. Nov. 21, 2017) (No. 17-766).  While the Government has filed a petition for a writ of certiorari in Sims, it is the law of the Circuit unless and until it is reversed. See United States v. Robinson, 697 F. App'x. 486, 487-88 (8th Cir. 2017).  Accordingly, Defendant's prior residential burglary conviction does not count as a predicate violent felony. This means that Defendant's prior terroristic threatening conviction had to qualify as a predicate violent felony for the ACCA to have been properly applied.

**Terroristic Threatening**

The Court must first address what Defendant characterizes as an ambiguity in his judgment of conviction. Specifically, the state court judgment cites the terroristic threatening statute, Ark. Code Ann. § 5-13-301, but it lists the offense of conviction as aggravated assault. Defendant argues that due to the "ambiguity" as to what crime Defendant was actually convicted of, under the rule of lenity, the Court should find that he was convicted of aggravated assault, which, the Government concedes does not count as a predicate violent felony.

The undersigned sees no merit to this argument. The information to which the Defendant pleaded guilty identified the offense as terroristic threatening. A subsequent revocation judgment also listed the offense as terroristic threatening. (Doc. 36 ¶ 32; Doc. 30-2; 30-3 at pg. 2, 30-4). Further, defense counsel objected to the original PSIR's characterization of the offense as aggravated assault, asserting that Defendant believed the conviction was for terroristic threatening. The PSIR was amended to clarify that the conviction was for terroristic threatening. (Doc. 36 at pgs. 18-19). Thus, it is clear that the listing of the offense as aggravated assault in the original judgment was simply a clerical error, and the actual offense was terroristic threatening.

The Court next addresses whether terroristic threatening counts as a predicate violent felony under the ACCA. At the time

of Defendant's conviction, the terroristic threatening statute read in pertinent part:

> (a)(1)   A person commits the offense of terroristic threatening in the first degree if:
>
> (A)   With the purpose of terrorizing another person, the person threatens to cause death or serious physical injury or substantial property damage to another person . . . .

Ark. Code Ann. § 5-13-301(a)(1)(A).

To determine whether a prior conviction is a violent felony under the ACCA, courts undertake the categorical approach. See Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). The task is to compare the elements of the statute that is the basis of the prior conviction with the elements of the "generic crime." Id. If the statute, by its elements, criminalizes a broader range of conduct than the generic crime, then the prior conviction associated with the broader statute does not qualify as a violent felony. Id. If the statute seems overbroad but is divisible – i.e., one or more elements of the offense are set out in the alternative – the analysis goes further. Id. Courts then use a modified categorical approach in which they look to a narrow range of materials to determine which alternative the defendant was convicted of violating, and then compare the elements of that alternative to the elements of the generic crime.

The Eighth Circuit has previously held that the terroristic threatening statute was divisible and defined two separate offenses: threats of death or serious bodily injury and threats to

property. United States v. Boaz, 558 F.3d 800, 807 (8th Cir. 2009). The Eighth Circuit, therefore, applied the modified categorical approach. As a review of permissible materials revealed that Boaz pleaded guilty to threatening to kill a woman, the Eighth Circuit found that the terroristic threatening offense was a violent predicate felony because it had as an element the threatened use of physical force against the person of another. Id.

In the present case, the felony information to which the Defendant pleaded guilty reads:

**Count 2**: with the purpose of terrorizing another person, he threatened to cause death or serious physical injury or substantial property damage to another person . . .

**to-wit**: Defendant cho[]ked another person and threatened to kill her . . . .

(Doc. 30-4 at pg. 2).

Thus, the information shows that Defendant's terroristic threatening conviction, like the conviction in Boaz, was for threatening to kill a woman and not for threatening to cause property damage. Accordingly, under the modified categorical approach, the terroristic threatening conviction qualified as a predicate violent felony under the ACCA. The undersigned notes that in Martin v. United States, No. 4:09CR00133JLH, 2017 WL 2129725 (E. D. Ark. May 16, 2017), United States District Judge J. Leon Holmes of the Eastern District of Arkansas, employed this same analysis in ruling on a similar § 2255 claim, and Judge Holmes reached the same conclusion as reached herein.

**CONCLUSION**

Based upon the forgoing, the undersigned recommends that Defendant's § 2255 motion (Doc. 30) be **DENIED** and **DISMISSED WITH PREJUDICE.**

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(1)(B) & (c)(2).  A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 motion, there is no basis for the issuance of a certificate of appealability and, a certificate of appealability is, therefore, **DENIED.**

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of April, 2018.

                                      /s/ *Erin L. Wiedemann*
                                      HON. ERIN L. WIEDEMANN
                                      UNITED STATES MAGISTRATE JUDGE