IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                             PLAINTIFF/RESPONDENT

v.                          CASE NO. 5:12-CR-50056

SHANE WILLIS                                          DEFENDANT/PETITIONER

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Objections to the Magistrate Judge's Report and Recommendation (Doc. 38) filed by Defendant/Petitioner Shane Willis. On May 2, 2016, Mr. Willis filed a Motion to Vacate under 28 U.S.C. § 2255 (Doc. 30) requesting that the Court vacate his sentence and set it for resentencing. The Government responded to the Motion to Vacate on June 6, 2016 (Doc. 32), and Mr. Willis filed his Reply on June 27, 2016. (Doc. 33). On April 4, 2018, Magistrate Judge Wiedemann issued her Report and Recommendation ("R&R"), recommending that Mr. Willis' Motion be denied. See Doc. 37. Mr. Willis filed his objections to the R&R on April 12, 2018. Having considered the R&R and the objections thereto, the Court now **ADOPTS** the R&R and **DENIES** the Motion to Vacate.

### I. BACKGROUND

### A. FACTUAL BACKGROUND

On November 14, 2012, the Defendant pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Pursuant to the Armed Career Criminal Act (the "ACCA"), the Presentence Investigation Report ("PSR") provided for an enhancement because the Defendant had four previous convictions for violent felonies: residential burglary, terroristic threatening, second degree battery, and second degree domestic battery. (Doc. 36 ¶¶ 31-33, 35). Because he had at least three prior convictions

1

for violent felonies, what would have been a 10-year maximum sentence now became a fifteen-year minimum sentence. 18 U.S.C. § 924(e)(1). He was subsequently sentenced to 15 years imprisonment, and the Eighth Circuit affirmed the sentence on appeal. (Doc. 29).

## B. PROCEDURAL BACKGROUND

Mr. Willis now seeks to be resentenced, arguing that two of these four convictions no longer qualify as violent felonies under the ACCA and that the ACCA enhancement was thus improperly applied. Mr. Willis first argues that his March 7, 2001 conviction for terroristic threatening no longer qualifies as a predicate offense under the ACCA because it could only be considered a crime of violence pursuant to the "residual clause," which has been declared unconstitutionally vague. *See Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015). He further argues that his conviction for residential burglary does not qualify as a violent felony under extant Eighth Circuit law.[1]

Magistrate Judge Wiedemann's R&R found and recommended that Mr. Willis' terroristic threatening conviction qualified as a violent felony under the ACCA and, as a result, he had the three predicate convictions necessary to trigger the ACCA sentencing enhancement. The R&R also recommended denying a certificate of appealability. Mr. Willis filed his Objections, requesting that the Court decline to adopt the R&R. (Doc. 38).

---

[1] Relying on the Eighth Circuit's decision in *United States v. Sims*, 854 F.3d 1037 (2017), Magistrate Judge Wiedemann found that Mr. Willis' conviction for residential burglary does not qualify as an ACCA predicate offense. As such, the entirety of the briefing on the current motion focused on Mr. Willis' conviction for terroristic threatening. However, on December 10, 2018, the Supreme Court, in *United States v. Stitt*, vacated the Eighth Circuit's decision in *Sims*. *Stitt*, No. 17-765, slip op. at 9 (Dec. 10, 2018). Nevertheless, because the Court finds below that Mr. Willis' terroristic threatening conviction qualifies as his third predicate violent felony, the Court need not address the effect of *Stitt* on the classification of Mr. Willis' residential burglary conviction. In short, regardless of whether Mr. Willis' residential burglary conviction now also qualifies as a violent felony under the ACCA, Mr. Willis already has the three necessary convictions to trigger the ACCA enhancement.

2

## II. DISCUSSION

When a defendant makes specific objections to portions of a magistrate judge's report and recommendation, the district court must review the contested findings or recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Categorically, Mr. Willis lodged three objections to the R&R.[2] The first objection contends that the ACCA enhancement was improperly applied because Mr. Willis was convicted of aggravated assault rather than terroristic threatening. The second contends that, even if he was convicted of terroristic threatening, this conviction should not be considered a violent felony for purposes of the ACCA. Finally, even if the Court disagrees with the above two contentions, Mr. Willis contends that he should be granted a certificate of appealability because whether his conviction for terroristic threatening should remain a crime of violence is an open question that he should be entitled to pursue further on appeal. The Court considers each objection in turn.

### A. Conviction for Terroristic Threatening[3]

Mr. Willis first contends that there is an ambiguity in his March 7, 2001 conviction for terroristic threatening. Namely, the state court judgment cited the terroristic threatening statute, Ark. Code Ann. § 5-13-301, but listed the offense of conviction as aggravated

---

[2] Mr. Willis organizes the objections in two different sections, but the substance of those sections conveys three separate objections to the R&R.

[3] Although there are two degrees of terroristic threatening recognized under Arkansas law, the Information (Doc. 30-4) makes clear that Mr. Willis was charged with first-degree terroristic threatening, a Class D Felony. For the sake of brevity, the Court will refer to this charge as terroristic threatening rather than first-degree terroristic threatening.

3

assault, an offense the government concedes would not qualify as a predicate violent felony. See Doc. 36, p. 4. Because of this ambiguity, Mr. Willis contends that the Court should employ the rule of lenity and find that he was convicted of aggravated assault. The Court disagrees.

The evidence presented to the Court surrounding Mr. Willis' March 7, 2001 conviction is as follows:

1. The Felony Information for Case No. CR 2000-2016 dated December 21, 2000 accuses Mr. Willis of "Aggravated Assault" (Count 1) and "Terroristic Threatening" (Count 2). (Doc. 30-4).

2. The Plea Questionnaire dated March 7, 2001 demonstrates that Mr. Willis pleaded guilty to terroristic threatening in Case No. CR 2000-2016. (Doc. 30-2).

3. The Judgment and Disposition Order lists the offense as "Aggravated Assault" but cites "5-13-301" (the terroristic threatening statute). (Doc. 30-3).

4. A subsequent revocation judgment also listed the offense as terroristic threatening. (Doc. 36 ¶ 32; Doc. 30-2; Doc. 30-3 at p. 2).

5. In his federal sentencing, Mr. Willis originally objected to the initial PSR's characterization of the offense as aggravated assault, contending instead that he was convicted of terroristic threatening. (Doc. 36, p. 22).[4]

The evidence above collectively confirms Mr. Willis was charged with both aggravated assault and terroristic threatening but pleaded guilty to terroristic threatening. The listing of "Aggravated Assault" in the Judgment and Disposition Order was merely a

---

[4] An argument could be made, though it wasn't here, that judicial estoppel might also foreclose Mr. Willis from now taking the position that he was convicted of aggravated assault when he previously asserted (and successfully persuaded the Court) that he was convicted of terroristic threatening in his original federal sentencing.

clerical error.

To the extent that Mr. Willis' objection is premised upon the contention that it was error for the Magistrate Judge to consider certain non-*Shepard* documents in deciding what Mr. Willis' March 2001 conviction was for, the Court again disagrees. Use of the so-called *Shepard* documents is "[a]ddressed only to those situations where a later court is determining the character of the prior conviction. . . . The limitation does not apply to antecedent factual questions such as whether the defendant was convicted of a crime at all, or of which crime the defendant was convicted." *United States v. Webster*, 636 F.3d 916, 919 (8th Cir. 2011) (cleaned up). Rather, the court may "consider the credibility of any evidence presented to it." *Id.* (noting that evidence that can be considered includes the PSR, defendant's objections/failure to object to the PSR, reasons for those objections, defendant's denial of the conviction, the case history document, and "any other available relevant evidence").

With the exception of the handwritten term "aggravated assault" in his 2001 judgment, all of the remaining evidence—including the Defendant's own arguments during his federal sentencing—collectively demonstrate that he was convicted of terroristic threatening. Defendant's objection that the clerical error in his judgment should now preclude the Court from finding that he was convicted of terroristic threatening is **OVERRULED**.

### B. Terroristic Threatening as a Crime of Violence

Mr. Willis next argues that, even if he was convicted of terroristic threatening, it no longer qualifies as a violent felony under the ACCA because it does not have "as an element the use, attempted use, or threatened use of physical force against the person of another."

5

18 U.S.C. § 924 (e)(2)(B)(i). As the Eighth Circuit has made clear:

> To determine whether a crime of conviction is a violent felony under this subsection, we apply a categorical approach and determine whether the elements of the crime of conviction necessarily require the use, attempted use, or threatened use of physical force. If the statute of conviction defines more than one crime by listing alternative elements, we apply a modified categorical approach to determine which of the alternatives was the offense of conviction. The court may consider a limited class of documents in the judicial record, including the charging document, written plea agreement, and plea colloquy transcript, to make the determination.

*United States v. Winston*, 845 F.3d 876, 877 (8th Cir. 2017) (internal citations omitted).

At the time of Mr. Willis' conviction, the terroristic threatening statute read:

> (a)(1) A person commits the offense of terroristic threatening in the first degree if:
>
> (A) With the purpose of terrorizing another person, the person threatens to cause death or serious physical injury or substantial property damage to another person;

Ark. Code Ann. § 5-13-301(a)(1)(A) (1995). The Eighth Circuit previously considered this exact statute and held that it "defines two separate offenses: threats of death or serious bodily injury and threats to property." *United States v. Boaz*, 558 F.3d 800, 807 (8th Cir. 2009); *see also United States v. Myers*, 896 F.3d 866, 869 (8th Cir. 2018)[5] (applying the modified categorical approach to the Arkansas terroristic threatening statute). Thus, the Eighth Circuit has confirmed that "the Arkansas first-degree terroristic threatening statute is 'divisible, and requires the modified categorical approach.'" *Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018) (quoting *Myers*, 896 F.3d at 869, discussing *Boaz*, 558 F.3d at 807).

The modified categorical approach, like the categorical approach, is:

> not concerned with the specific details of how a defendant committed his prior offense or whether a state court or state legislature considered the offense to be violent or dangerous. [The] analysis is concerned only with the fact of the

---

[5] Myers filed a petition for writ of certiorari with the United States Supreme Court on November 28, 2018. Of course, as of this writing, *Myers* is controlling law in this Circuit.

conviction and identifying the particular subpart of a statute that the defendant violated.

United States v. Ossana, 638 F.3d 895, 904 (8th Cir. 2011). Thus, "[u]nder the elements-based inquiry, the sole permissible purpose of the modified categorical approach is to determine which statutory phrase was the basis for the conviction." United States v. Martinez, 756 F.3d 1092, 1097 (8th Cir. 2014) (cleaned up).

As noted above, the Eighth Circuit has found that Arkansas' terroristic threatening statute has two subparts and defines two separate offenses—1) threats of death or serious bodily injury and 2) threats to property. Thus, the modified categorical approach helps determine under which subpart Mr. Willis' conviction falls. Because a violent felony under the ACCA must have "as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), only a conviction under the subpart criminalizing threats of death or serious bodily injury would qualify as a violent felony because only that subpart would have as a necessary element the use or threatened use of physical force against another.

In applying the modified categorical approach, the Court may only consider Shepard documents. See Shepard v. United States, 544 U.S. 13, 26 (2005) (noting that the Court was limited "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."). Thus, where these Shepard documents reveal that the defendant was charged under the "threats of death or serious bodily injury" subpart of the Arkansas first-degree terroristic threatening statute rather than the "threats to property" subpart, the conviction qualifies as a violent felony under the ACCA. For instance, in Boaz, the relevant Shepard documents

7

indicated that Boaz pleaded guilty to threatening to kill a woman, hence he was convicted under the section of the statute that "has as an element the . . . threatened use of physical force," Boaz, 558 F.3d at 807, and the conviction qualified as a crime of violence.

Applying that same approach here, the Court finds that Mr. Willis' conviction for terroristic threatening was properly considered a crime of violence. The Felony Information in this case states "Defendant chocked [sic] another person and threatened to kill her." (Doc. 30-4). Consequently, Mr. Willis' conviction for terroristic threatening was not of the "threats to property" variety but was for "threats of death or serious bodily injury," which categorically qualifies the conviction as a violent felony. See Boaz, 558 F.3d at 807; Meyers, 896 F.3d at 869.

For the reasons stated above, the Court finds Mr. Willis' March 7, 2001 conviction for terroristic threatening qualifies as a violent felony under the ACCA. Combined with the other two qualifying battery convictions, this conviction is the third predicate violent felony necessary to trigger the ACCA enhancement. As a result, the Court concludes that Mr. Willis was properly sentenced pursuant to the ACCA. Mr. Willis' objections to the contrary are **OVERRULED**.

### C. Request for a Certificate of Appealability

Mr. Willis' final contention is that whether his conviction for terroristic threatening qualifies as a violent felony under the ACCA is an open question and should, at least, entitle him to a certificate of appealability. The Court disagrees with both parts of this objection.

The first part of Mr. Willis' objection is that the classification of Arkansas' first-degree terroristic threatening statute is an open question. Mr. Willis contends that the statute is not divisible (in that it lists alternative means, not elements) and therefore requires the

categorical approach. However, as early as 2009, the Eighth Circuit has rejected that interpretation of the statute and consistently held, in three separate cases, that the two "tracks" in the first-degree terroristic threatening statute (*i.e.* "threats of death or serious bodily injury" and "threats to property") are alternative *elements* of distinct crimes, not alternative means of committing the same crime. Those three decisions (*Boaz, Myers,* and *Martin*) are as binding on this Court as they would be on the panel of the Eighth Circuit to whom Mr. Willis now desires to appeal. Relatedly, Mr. Willis contends in passing that because these are really alternative means, not elements, the statute of conviction, Ark. Code Ann. § 5-13-301(a)(1)(A), is overbroad. *See* Doc. 38, p. 4. That argument, too, has been recently made by a defendant and rejected by the Eighth Circuit. *See Martin*, 904 F.3d at 596-97 (noting and rejecting defendant's argument that each subsection of § 5-13-301(a)(1) is both indivisible and overbroad).

The fact that the classification of Arkansas' first-degree terroristic threatening statute is not an open question leads right into Mr. Willis' remaining request for a certificate of appealability. Under 28 U.S.C. § 2253, a certificate of appealability shall only be issued if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). Because the arguments Mr. Willis seeks to advance on appeal have been recently (and repeatedly) advanced and rejected by the Eighth Circuit, the Court finds no basis for the issuance of a certificate of appealability. Of course, Mr. Willis remains free to address his request for such a certificate to the Court of Appeals pursuant to Federal Rule

of Appellate Procedure 22(b).

**IT IS THEREFORE ORDERED** that Magistrate Judge Wiedemann's R&R (Doc. 37) is **ADOPTED** and that Mr. Willis' Motion to Vacate (Doc. 30) is **DENIED.**

**IT IS FURTHER ORDERED** that Mr. Willis' request for a certificate of appealability is **DENIED**.

**IT IS SO ORDERED** this 18th day of December, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE