IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHANE WILLIS                                                                            PLAINTIFF

v.                                    CRIMINAL NO. 12-50056

UNITED STATES OF AMERICA                                             DEFENDANT


## REPORT AND RECOMMENDATION

Movant Shane Willis' ("Willis") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018 (ECF No. 54), filed on November 18, 2021, was referred by the Honorable Timothy L. Brooks, U.S. District Judge, to the undersigned for Report and Recommendation.   The Court requested a response from the United States which was filed on December 21, 2021 (ECF No.60), objecting to the Motion.   After consideration of the pleadings and the law, and for the reasons set forth below, it is recommended that Willis' Motion for Compassionate Release be denied.

## BACKGROUND

On November 14, 2012, pursuant to a written plea agreement, Willis pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report provided for a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because Willis had previous convictions for violent felonies committed in Arkansas – terroristic threatening, second degree battery and second-degree domestic battery.   On April 4, 2013, Judgment was entered, sentencing Willis to the ACCA mandatory minimum of 15 years imprisonment.  (ECF No. 19).   The Court of Appeals for the Eighth Circuit affirmed Willis' sentence on January 8, 2014.  (ECF No. 29).   Willis' subsequent

1

habeas petition pursuant 28 U.S.C. §2255, wherein he sought to be resentenced under *Johnson v.
United States*, 135 S. Ct. 2551 (2015), was unsuccessful, (ECF No. 39), and on September 11,
2019, his § 2255 appeal was dismissed by the Eighth Circuit. (ECF No. 45-1).  On September 25,
2020, Willis filed a Rule 34 Motion to Arrest Judgment which was denied by the Court as untimely
(ECF No. 47), and the Eighth Circuit again affirmed on January 19, 2021.  (ECF No. 53-1).

Willis is currently incarcerated at FCI Memphis with a projected release date of May 16,
2025.  *See* Fed. Bureau of Prisons, Inmates, https://bop.gov/inmateloc/ (last accessed Dec. 14.
2021).   Willis has served more than   73% of his statutory sentence and now moves for
compassionate release under 18 U.S.C. § 3582(c)(1), citing the combination of his diagnosed
hypertension and history of IVC filter placement with the known elevated risk of contracting
COVID-19 in over-crowded prisons, and arguing that "not only [does] his health condition
increase [his] risk of [contracting] COVID-19 . . . but … that those conditions greatly increase risk
that, if contracted, his COVID-19 infection would be severe or even deadly."  (ECF No. 54, p. 16).
Willis also re-challenges application of the ACCA enhancement during sentencing, arguing that –
for the purpose of ACCA predicate violent felony offenses – his residential burglary conviction
should not count pursuant to *United States v. Sims,* 854 F.2d 1037 (8th Cir. 2017) (this Court
acknowledged and agreed in 2018), and that his terroristic threatening conviction should not count
under *United States v. Harris*, 950 F.3d 1015 (8th Cir. 2020)(this Court considered and previously
disagreed).[1] Willis newly alleges that his "second degree battery" conviction should not count for
ACCA purposes pursuant to *United States v. Dawn,* 685 F.3d 790, 795 (8th Cir. 2012).[2]  Willis

---

[1] Willis' ACCA arguments were thoroughly addressed in 2018 (ECF Nos. 37, 39).  With respect to Willis' current
citations, the Court notes that *United States v. Harris, supra,* decided in 2020, is inapposite with respect to terroristic
threatening as the *Harris* Court addressed convictions under A.C.A. § 5-13-301(a)(1)-(2) (2002), rather than A.C.A.
§ 5-13-301(a)(1)(A) (2017), involving the threat of bodily harm, under which Willis was convicted.
[2] While this challenge should have been incorporated into Willis' earlier § 2255 petition, the Court notes that
employment by the *Harris* court of the modified categorical approach with respect to Arkansas' 2nd degree battery

alleges that without the ACCA enhancement, imposition of a new sentence would require his release. Finally, Willis asserts that his rehabilitation in prison has been "remarkable," noting that he has earned his GED, taken adult education classes and had no serious conduct incidents in over 12 months. Willis says "he has matured from a rash younger man pursuing a lawless lifestyle, to a reflective, empathetic middle-aged adult" who, at age 39, presents no threat to the public and is "substantially less likely to recidivate." (ECF No. 54, pp. 34-35). Arguing he has served more than 75% of his sentence, Willis asks to be compassionately released, stating he is agreeable to being released into his mother's home for confinement.[3]

On November 1, 2020, Willis filed a request for compassionate release (ECF No. 54, pp. 39-40) to R. D. Keyes, Acting Warden, FCI Hazelton, which was denied on November 18, 2020, with Keyes determining that Willis did not meet the criteria for Reduction in Sentence – Debilitated Medical Condition. (ECF No. 54, p. 41). This exhausted Willis' administrative remedies, and he filed this Motion on the same date.

### LEGAL STANDARD

A court's ability to modify a sentence after it has been imposed is extremely limited. One way a court may modify a sentence of imprisonment is through "compassionate release," as outlined in 18 U.S.C. § 3582(c)(1)(A), which was recently modified by the First Step Act of 2018. Compassionate release sentence modification can occur where the Court finds that (1) the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) the sentencing factors set forth in 18 U.S.C. § 3553(a) support reduction "to the extent they are

---

statute undermines Willis' claim that his 2nd degree battery conviction should not count for purposes of the ACCA, and the decision in *Dawn* (cited by Willis) has been called into question by courts in the Eighth Circuit.

[3] To the extent Willis asks to serve part or all of his remaining sentence in home confinement, the First Step Act gives only the Bureau of Prisons – and not the Court – the power to decide where Willis will serve his sentence. See 18 U.S.C. §§ 3624(c)(4), 3621(b).

applicable;" and (3) a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A)(i).

Congress did not define what constitutes "extraordinary and compelling."  *See* 28 U.S.C. § 994(t).  Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific examples" of extraordinary and compelling circumstances. *Id*.  Since passage of the First Step Act of 2018, the Sentencing Commission has not had a quorum and thus, has not updated its policy statement.  The Commissions' current policy statement, which is found in the United States Sentencing Guidelines at Section 1B1.13(1)-(3), sets forth several criteria for determining whether "extraordinary and compelling" circumstances exist to justify a reduction in sentence.  These categories generally focus on the defendant's age, medical condition, family situation and any other reason the Bureau of Prisons deems extraordinary and compelling. The Sentencing Commission's policy statement – although it precedes passage of the First Step Act – nonetheless provides guidance as to what constitutes "extraordinary and compelling" reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A).  *See, e.g., United States v. Schmitt,* 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020) (agreeing with courts finding that the U.S. Sentencing Guidelines provide helpful guidance but are not conclusive given the 2018 Act).  The Court retains its independent authority "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release." *United States v. Hawk*, 2021 WL 253456, at *5 (D. South Dakota, January 26, 2021).

Application Note 1(A)(ii)(I) of U.S.S.C. § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he

or she is not expected to recover."  Additionally, the Application Note includes a "catch-all" provision that contemplates granting early release for a "reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  *Id.* at cmt. n.1(D). In the wake of Congress's passage of the First Step Act, several district courts have held that federal judges may use their discretion to apply the criteria in § 1B1.13, including the "catch-all" provision in Application Note 1(D), just as the BOP Director would when considering a request for compassionate early release. *See United States v. Condon,* 2020 WL 2115807, at *3 (D.N.D. May 24, 2020) (listing cases).

### DISCUSSION

The Court is pleased to know that Willis believes he has increased his education, matured, and rehabilitated while incarcerated.  And the Court agrees with Willis that COVID-19 has presented challenging and uncertain times, particularly for persons in congregate living facilities such as prisons.  Unfortunately, many courts have denied compassionate release based upon speculative COVID-19 concerns which appears to be primary basis for Willis' Motion. *See, e.g., United States v. Fry*, 2020 WL 1923218, at 1 (D. Minn. April 21, 2020) ("To merit such compassionate release, [defendant] must show more than a mere speculation of the possibility of contracting the virus.") (cleaned up).

The United States obtained and provided some of Willis' medical records for *in camera* review and points out that while Willis had an elevated blood pressure reading, Willis' medical records reflect its resolution and Willis does not take medication for high blood pressure.  Willis' other prescribed medications are for chronic pain.  While the Court does not doubt that Willis may occasionally suffer from high blood pressure (although there is no evidence of a hypertension diagnosis) and received an IVC filter placement following a 2008 accident with pulmonary

embolus, Willis here presents no credible evidence that these conditions are "serious physical or medical conditions … that substantially diminish" Willis' ability to provide self-care at FCI Memphis, or that hypertension is a condition for which Willis cannot be properly treated within the BOP.  With respect to Willis' argument concerning the heightened risk of contracting COVID-19, Willis offers no medical support for his assertion that a hypertension diagnosis would make him particularly vulnerable or more susceptible to contracting COVID-19, or that he is more likely to endure serious medical complications or death if he does contract the virus.  The Court takes notice that medical research published by the CDC indicates only that hypertension is "possibly" a COVID-19 comorbidity "supported by mixed evidence."   Ctrs. For Disease Control and Prevention, *Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19: Information for Healthcare Providers*,https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html, updated October 14, 2021 (last accessed December 14, 2021).  Willis – who is 39 years old – has presented no evidence that he has one of the conditions that the CDC finds increase the risk of COVID-19, and at this stage of the pandemic and related medical research, the Court places its reliance on the publications of the CDC

Willis' Motion is silent as to whether he contracted COVID-19 while continuously incarcerated during the almost two-year long pandemic; neither does his Motion mention his vaccination status, although the United States advises Willis was fully vaccinated with the Moderna vaccines as of June 15, 2021.  Willis' vaccination status significantly mitigates his risk of contracting COVID-19 or experiencing a severe outcome. *See United States v. Smith,* 2021 WL 364626, at *2 (E.D. Mich. Feb 3. 2021) (denying compassionate release relief where defendant received two doses of Moderna, precluding the argument that disease susceptibility is "extraordinary and compelling.")   The Court further notes that Willis was housed at FCI Hazelton

when he exhausted his administrative remedies and filed his Motion, but since has been transferred to FCI Memphis, which currently has no inmate COVID-19 positive cases and only 2 confirmed COVID-19 positive staff members at that facility. https://www.bop.gov/coronavirus/.   The Court does not find that Willis has sustained his burden of illustrating that compassionate release is appropriate. *United States v. Johnson*, 2020 WL 1434367, at *1 (W.D. Ark. March 24, 2020).   A reduction in sentence due to a medical condition is a rare event, *United States v. Mitchell,* 2020 WL 544703, at *3 (W.D. Ark. Feb. 3, 2020), and Willis' Motion falls short of establishing that he cannot provide self-care, or that he is getting insufficient care by the BOP for the ailments supported by his medical records, or that he is at a heightened risk of contracting and/or having a severe case of Covid-19.

Willis asks the Court to revisit his sentencing and the prior felony convictions utilized for application of the ACCA enhancement in deciding whether to grant his motion for compassionate release.  The Court is not inclined to do so as these identical issues were thoroughly reviewed and analyzed in 2018, *see* ECF Nos. 37, 39, and do not now provide an independent basis for relief under the First Step Act.

## RECOMMENDATION

For these reasons, the Court recommends denial of Willis' Motion for Compassionate Release as there is no indication that his medical condition rises to the level of an extraordinary and compelling basis for reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A).  Additionally, a detailed analysis of the factors of 18 U.S.C. § 3553(a) is not required because Willis has not demonstrated "extraordinary and compelling" reasons for release.  The Court imposed the mandatory minimum sentence required after application of the ACCA enhancement; Willis' sentence was reviewed by the Eighth Circuit and again on Willis' § 2255 petition; and Willis will

be eligible for release from the BOP in 2025.    Early release is not warranted on the Motion currently under consideration.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of December 2021.

/s/ Christy Comstock
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE