IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

V.                          CASE NO. 5:12-CR-50056

SHANE WILLIS                                                DEFENDANT/PETITIONER

## ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 61) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. On February 22, 2022, Defendant/Petitioner Shane Willis filed Objections to the R&R (Doc. 67). The Court has now reviewed the entire case file *de novo*, focusing on "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Mr. Willis was sentenced to fifteen years imprisonment after pleading guilty to being a felon in possession of a firearm. He has now served more than 75% of his sentence and has an expected release date of May 16, 2025. He moves for compassionate early release due to his claim that he would suffer an increased risk of illness or death if he were to contract COVID-19 while in prison. Since the passage of the First Step Act, the criteria set forth in U.S.S.G. § 1B1.13, Application Note 1(A)(ii), have been used by district courts to justify the compassionate early release of certain prisoners who are at high risk for becoming severely ill or dying of COVID-19 due to their underlying health conditions.

Mr. Willis received at least two doses of the Moderna vaccine while in prison. *See* Doc. 60-4, p. 58. The Court agrees with the Magistrate Judge that studies show mRNA

1

vaccines, such as the one developed by Moderna, significantly reduce the risk of contracting COVID-19. According to a recent study reported by the Center for Disease Control and Prevention, "receipt of 2 or 3 doses of a COVID-19 mRNA vaccine conferred 90% protection against COVID-19–associated [invasive mechanical ventilation] or in-hospital death among adults." Mark W. Tenforde, et al., *Effectiveness of mRNA Vaccination in Preventing COVID-19–Associated Invasive Mechanical Ventilation and Death—United States, March 2021–January 2022*, https://www.cdc.gov/mmwr/volumes/71/wr/mm7112e1.htm?s_cid=mm7112e1_w (last visited April 7, 2022). Though Mr. Willis "objects to this claim" about the efficacy of vaccines, he fails to cite any studies to support his viewpoint. (Doc. 67, p. 2).

Next, Mr. Wills objects to the R&R's conclusion that his medical conditions—hypertension[1] and the 2008 implantation of an IVC filter to prevent blood clotting—are not serious enough to constitute extraordinary and compelling reasons justifying early release. Mr. Willis directs the Court to other cases in which defendants with allegedly similar medical conditions were granted compassionate early release. Having reviewed these cases, however, it is clear that these other defendants suffered from medical conditions far more serious than Mr. Willis's. For example, in *United States v. Dumars*, 2020 WL 7061748, at *1–2 (E.D. Tenn. Dec. 2, 2020), the defendant was a 72-year-old man suffering from COPD and heart failure who was granted early release due, in part, to his advanced age. In *United States v. Villa-Valencia*, 2020 WL 7263894, at *1–2 (D. Kan. Dec. 10, 2020), the defendant suffered from HIV and a low CD4 cell count as well

---

[1] The R&R notes there is no diagnosis of hypertension in Mr. Willis's prison medical file. (Doc. 61, p. 5).

as hypertension; but it was the HIV diagnosis and the defendant's immunocompromised condition that compelled the court to grant early release. The defendant in *United States v. Rios*, 2020 WL 7246440, at *3 (D. Conn. Dec. 8, 2020), was over 50 years old and suffered from obesity and "poorly-controlled hypertension." Finally, the defendant in *United States v. Epps*, 2020 WL 7332854, at *1 (D. Conn. Dec. 14, 2020), was only ten months shy of his release date and suffered from obesity, hypertension, and asthma, for which he used a rescue inhaler.

Mr. Willis is a 39-year-old man who takes no prescription medications and has no serious physical medical conditions. The Court agrees with the R&R that Mr. Willis has failed to establish either an inability to provide self-care in prison or a medical condition that cannot be adequately addressed in prison. Further, as explained above, the Court is not persuaded that Mr. Willis has an heightened risk of contracting and/or suffering from a severe case of COVID-19.

**IT IS THEREFORE ORDERED** that the R&R (Doc. 61) is **ADOPTED IT IN ITS ENTIRETY**. The Objections (Doc. 67) are **OVERRULED**, and Mr. Willis's Motion for Compassionate Early Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018 (Doc. 54) is **DENIED**.

**IT IS SO ORDERED** on this 8th day of April, 2022.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3